# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN LANDRY (#632304)**                                              **CIVIL ACTION NO.**

**VERSUS**                                                                              **19-520-SDD-EWD**

**LT. LOLLIS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN LANDRY (#632304)                                CIVIL ACTION NO.

VERSUS                                                        19-520-SDD-EWD

LT. LOLLIS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, John Landry ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Greg Thompson ("Thompson"),[1] Unknown Lollis (Lt.), Unknown Houston (Sgt.), and Unknown Williams (Sgt.) (collectively "Defendants").[2] Plaintiff alleges that he was attacked by two unknown inmates, and as a result of the attack, he suffered from a broken jaw and broken leg.[3] Though Plaintiff says he requested medical attention from Lollis, Houston, and Williams, Plaintiff alleges that these Defendants failed to provide Plaintiff with any care. Rather, they left Plaintiff to sleep in his cell all night, until he was brought to medical the following morning, where it was discovered that he had a broken jaw and broken leg.[4] Because Plaintiff has failed to allege any facts regarding Greg Thompson, the claims against Thompson should be dismissed with prejudice. To the extent Plaintiff seeks monetary damages against Defendants in their official capacities, those claims are also subject to dismissal.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer

---

[1] Greg Thompson is identified on the docket sheet as "G Thompson." Plaintiff names this defendant as "Warden G. Thompson" in the caption of the Complaint and later refers to him as "Greg Thompson." *See* R. Doc. 1, p. 4.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 4
[4] R. Doc. 1, pp. 4-5.

or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal, however, the §1915A screening process is intended to be conducted either before docketing or, as soon as practicable after docketing, to identify whether any of the claims asserted have merit, while § 1915(e) permits dismissal at any time if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[5] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of dismissal under these statutes.[9] Dismissal may be made at any time if the court determines that the allegation of poverty

---

[5] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Additionally, § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted leave to proceed *in forma pauperis* on August 12, 2019. R. Doc. 3.
[6] *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

2

is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[10]

Plaintiff has failed to state any facts indicating that Thompson was personally involved in the events that took place after Plaintiff's alleged attack. Rather, Plaintiff merely names Thompson as "Warden." It appears Plaintiff seeks to impose supervisory liability on Thompson as a result of Thompson's role as "Warden." To that end, Plaintiff fails to state a claim against Thompson. Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in injury.[11] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious liability or *respondeat superior* standing alone is insufficient to state a claim under § 1983.[12] In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[13] Supervisory liability[14] can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights and may be seen to be the moving force behind a constitutional violation.[15] As mentioned, Plaintiff has not alleged any facts against Thompson,

---

[10] 28 U.S.C. § 1915(e)(2).
[11] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[12] *See Ashcroft*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[13] *Lozano*, 718 F.2d at 768.
[14] Though the term supervisory liability is often used, the Supreme Court has described this as a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft*, 556 U.S. at 677.
[15] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

much less facts to establish a claim for Thompson's supervisory liability. Accordingly, Plaintiff's claims against Thompson should be dismissed with prejudice.

Plaintiff does not say whether he is suing Defendants in their individual or official capacities or whether he is making a claim for monetary damages. To the extent Plaintiff is suing Defendants in their official capacities for monetary damages, Plaintiff cannot, under the law, state a claim. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[16] In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[18] Accordingly, any § 1983 claims asserted by Plaintiff against Defendants in their official capacities for monetary damages are subject to dismissal.

The Notice attached to this Report and Recommendation provides a 14-day period for Plaintiff to file objections. To the extent Plaintiff objects to the *sua sponte* dismissal of his claims against Thompson or his claims against Lollis, Houston and Williams for monetary relief in their official capacities, this Report constitutes notice that these claims may be dismissed *sua sponte*.[19]

---

[16] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[17] 502 U.S. 21 (1991).
[18] *Id*. at 25.
[19] *Lampley v. Brown*, No. CV 17-621-SDD-EWD, 2019 WL 4050523, at *3 (M.D. La. Aug. 9, 2019), *report and recommendation adopted*, No. CV 17-621-SDD-EWD, 2019 WL 4046549 (M.D. La. Aug. 29, 2019).

4

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims against "G. Thompson" be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for monetary damages against Unknown Lollis, Unknown Houston, and Unknown Williams in their official capacities be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that this matter be referred to the magistrate judge for further proceedings on Plaintiff's remaining claims, *i.e.*, Plaintiff's claims for monetary relief against Unknown Lollis, Unknown Houston, and Unknown Williams in their individual capacities.

Signed in Baton Rouge, Louisiana, on October 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**