**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN LANDRY (#632604)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-520-SDD-SDJ** |
| **G. THOMPSON, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 27, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN LANDRY (#632604)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-520-SDD-SDJ** |
| **G. THOMPSON, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Unknown Houston and Unknown Lollis.[1] The Motion is unopposed. For the following reasons, the undersigned recommends the Motion be granted and that Unknown Williams be dismissed from this action *sua sponte*.

### I. Background

John Landry, who is representing himself and confined at the Louisiana State Penitentiary in Angola, Louisiana, filed the instant action against G. Thompson, Unknown Lollis, Unknown Houston, and Unknown Williams, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] Landry alleges that he was attacked by two unknown inmates and, as a result of the attack, suffered from a broken jaw and broken leg.[3] Though Landry says he requested medical attention from Lollis, Houston, and Williams, he alleges that these Defendants failed to provide him with any care. Rather, they left him to sleep in his cell all night until he was brought to medical the following morning, where it was discovered that he had a broken jaw and broken leg.[4]

---

[1] R. Doc. 29.
[2] Landry also initially named G. Thompson as a Defendant, but Thompson was dismissed, as was Landry's claims for monetary damages against Lollis, Houston, and Williams in their official capacities. R. Docs. 4 & 5.
[3] R. Doc. 1, p. 4
[4] R. Doc. 1, pp. 4-5.

**II.    Law & Analysis**

    **a.  Standard of Review**

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[5] A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[6] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[7] Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[8] In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[9]

    **b.  Defendants are Entitled to Qualified Immunity**

Defendants have asserted they are entitled to qualified immunity.[10] The qualified immunity defense employs a two-step process, which asks whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time of the violation; courts have discretion to determine which of the two prongs to address

---

[5] Rule 56, Federal Rules of Civil Procedure. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[6] *Celotex Corp.*, 477 U.S. at 323.
[7] *Anderson*, 477 U.S. at 248.
[8] *Celotex Corp.*, 477 U.S. at 323.
[9] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[10] R. Doc. 29-1, pp. 7-8.

2

first.[11] The assertion of the qualified immunity defense alters the summary judgment burden of proof.[12] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[13] "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[14]

Further, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.[15] Because Landry has entirely failed to oppose the Motion for Summary Judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor.[16] Further, pursuant to Local Rule 56(b) of this Court, Landry's failure to oppose the motion for summary judgment allows the Court to conclude that all of the facts contained in Defendants' Statement of Uncontested Material Facts are deemed to be admitted. In consideration thereof, and, for the reasons that follow, the Court concludes that Defendants' motion is well-taken and that, on the record before the Court, Defendants are entitled to summary judgment as a matter of law.[17]

---

[11] *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").
[12] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[13] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), (citing *Michalik v. Hermann*, 422 F.3d at 262).
[14] *Michalik*, 422 F.3d at 262.
[15] *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).
[16] *See Jegart v. Roman Catholic Church Diocese of Houma—Thibodaux*, 384 Fed.Appx. 398, at *2 (5th Cir. 2010).
[17] The Court solely focuses on the claim for deliberate indifference to a serious medical need because this is the only claim before the Court, though Defendants make arguments regarding a claim for failure to protect. R. Doc. 29-1, pp. 9-10. Here, as Defendants note, the allegations of the Complaint, even read broadly, do not appear to insinuate a claim for failure to protect. Landry does not even know who the inmates were who attacked him. R. Doc. 1, p. 4. The allegations simply to not lead this Court to believe that Landry was attempting to bring a claim for failure to protect,

3

Based upon the following law and pertinent uncontroverted facts, as stated by Defendants, no constitutional violation occurred, and Defendants are entitled to judgment as a matter of law. In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[18] "[S]ubjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[19] *Farmer* lays out both an objective prong and a subjective prong.[20] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[21] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[22] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[23] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[24]

Based upon the undisputed facts, no Defendant was aware that Landry needed or wanted medical attention. Neither Lollis nor Houston observed any physical encounters, including Landry

---

as nothing indicates any officer even should have known that the unknown inmates posed a threat to Landry. *See Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003) (prison officials are not expected to prevent all inmate-on-inmate violence, and, generally, to demonstrate a failure to protect, a plaintiff must show that the defendant was aware of facts to indicate that the attacker posed a risk to the plaintiff, which is not present here, as the attackers are not even known). Accordingly, this claim is not before the Court, and if it was, would be subject to dismissal.
[18] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[19] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[20] *Id*. at 837.
[21] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[22] *Id.*
[23] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).
[24] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

or otherwise, on April 9, 2019.[25] Landry did not inform Houston or Lollis that he was involved in a fight or that he required medical assistance.[26] Landry elected to take a shower on April 9, 2019, after the alleged altercation at 7:15 p.m. and did not appear to be having any difficulty and did not voice any medical complaints.[27] When Defendants, along with other officers, made rounds on Landry's cellblock between April 9 and 10, 2019, he did not voice any complaints or request medical attention.[28] As noted by Defendants, "an inadvertent failure to provide adequate medical care" does not violate the Eighth Amendment.[29] Because Lollis and Houston did not have any knowledge that a serious need for medical attention may have existed, they cannot have been deliberately indifferent to a serious medical need.[30] Accordingly, summary judgment in favor of these Defendants is warranted.

### c. Williams Should be Dismissed *Sua Sponte*

Williams is not a movant in the instant Motion. However, the Court possesses the inherent authority to *sua sponte* dismiss a party or expand upon the grounds for dismissal urged by movants as long as the adverse parties receive notice and a chance to respond.[31] This Report and Recommendation provides adequate notice to Landry.[32] Evidence provided in support of the Motion for Summary Judgment demonstrates that, just like Lollis and Houston, Williams had no

---

[25] R. Doc. 29-2, p. 1.
[26] R. Docs. 29-2, p. 2; 29-4, p. 2.
[27] R. Docs. 29-2, p. 3; 29-3, p. 30.
[28] R. Doc. 29-2, p. 3.
[29] *Delaughter v. Woodall*, 909 F.3d 130, 136-37 (5th Cir. 2018) (citing *Estelle*, 429 U.S. at 106).
[30] *Hardy v. Byrd*, 420 Fed.Appx. 356, 356 (5th Cir. 2011) (because the summary judgment evidence did not show that the defendant was aware of a serious need for medical attention and ignored that need, or that any delay in medical treatment rose to the level of deliberate indifference or resulted in substantial harm, summary judgment was warranted).
[31] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer).
[32] *McCoy v. Wade*, No. 06-2292, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

knowledge that any need for medical attention existed.[33] Because Williams was not aware of any need for medical attention, the Court cannot find the existence of a constitutional violation for the same reasons as stated above.

### d. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Landry's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[34] Having recommended dismissal of all federal claims, it is appropriate to decline to exercise supplemental jurisdiction.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment[35] filed by Lollis and Houston be **GRANTED** and that all remaining claims against them be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all remaining claims against Williams be **DISMISSED WITH PREJUDICE** on the Court's own motion.

Signed in Baton Rouge, Louisiana, on January 27, 2022.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] R. Doc. 29-3, pp. 2-3.
[34] 28 U.S.C. § 1367.
[35] R. Doc. 29.